**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE BURLINGAME, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:05-CV-2469 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PRETIUM PACKAGING, <u>et al.</u>, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court are motions to dismiss from Defendants Pretium Packaging, LLC (Doc. No. 10), David Winslett (Doc. No. 11), and Dale Behm and Andy Derby (Doc. No. 23). The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, the motions will be granted in part and denied in part.

**I.    BACKGROUND**[1]

Plaintiff Jane Burlingame f/k/a/ Jane Mindler served as the Regional Director of Human Resources for Pretium Packaging, LLC from February 2001 until her termination on October 31, 2003.[2] During that time, Plaintiff contends that she suffered sexual harassment and discrimination that resulted in her termination.

Plaintiff describes a working environment hostile to women in managerial positions.

---

[1]    For purposes of evaluating the pending motions to dismiss, the Court accepts as true all well-pleaded allegations contained in the Complaint (Doc. No. 1).

[2]    Plaintiff names Pretium Packaging, LLC and Pretium Packaging as separate defendants in her Complaint. Pretium Packaging, LLC represents to the Court that Pretium Packaging does not exist as a separate legal entity. Plaintiff does not address this representation in her brief in opposition. Although counsel has entered an appearance on behalf of Pretium Packaging, if the entity exists, it did not participate in the instant motions to dismiss.

Defendants eliminated managerial positions held by women only to subsequently reinstate and fill the positions with men. (Doc. No. 1, ¶¶ 15, 32.) Despite her position as regional director of human relations, Plaintiff was neither invited to management meetings nor informed about certain terminations. (Id., ¶ 15, 18-23.) One manager, Defendant Behm, refused to work with female employees, including Plaintiff, and avoided them in the hallways. (Id., ¶ 24.) When Plaintiff learned that one management meeting was taking place, she entered the meeting, causing Defendant Behm to walk out upon her entry. (Id., ¶ 19.) Although Plaintiff complained about the treatment to her superiors in the "Corporate Offices", she received no assistance. (Id., ¶ 22.)

Plaintiff also alleges that the individual defendants sexual harassed her. Male managers routinely discussed the attire and figures of the female employees, including Plaintiff. (Id., ¶ 26.[3]) Defendant Derby commented on Plaintiff's legs, her attire, and on another female co-worker's "perky breasts," while in the presence of Plaintiff. (Id., ¶¶ 25, 26.[4]) After Plaintiff rebuffed Defendant Derby's[5] request for a date, he ignored Plaintiff "as retribution towards her rejection of him", negatively affecting Plaintiff's ability to perform her job. (Id., ¶ 27.) Further, Defendant Winslett made the comment that Plaintiff needed to be "Dale [Behm]'s little cheerleader." (Id., ¶ 23.)

On October 31, 2003, Plaintiff's position was eliminated and she was terminated,

---

[3] This citation refers to the first instance of ¶ 26 in Plaintiff's Complaint.

[4] Plaintiff's Complaint lists ¶ 26 twice. This citation refers to the second instance.

[5] While Defendant Derby is identified in Plaintiff's Complaint, Plaintiff's briefs opposing the various Defendants' motions to dismiss identify Defendant Behm as the one who asked Plaintiff on a date. (Doc. Nos. 24, 25, and 29 at 3.)

allegedly because she was female.  (Id., ¶ 33.)  Plaintiff pursued a remedy through the United States Equal Employment Opportunity Commission ("EEOC"), filing suit in this Court within 90 days of receiving a right-to-sue letter from them.  (Id., ¶ 1.)

On November 28, 2005, Plaintiff filed the instant civil action.  (Doc. No. 1.)  In six counts, the Complaint alleges: deprivation of job opportunities in violation of 42 U.S.C. § 2000(e) et seq. ("Title VII") (Count I); hostile work environment in violation of Title VII (Count II); unlawful termination in violation of the "public policy" of Pennsylvania (Count III); defamation in violation of Pennsylvania state law (Count IV), and conspiracy or failure to prevent a conspiracy to engage in the aforementioned acts, in violation of 42 U.S.C. §§ 1985(3) (Count V) and 1986 (Count VI).  (Id.)  Pretium Packaging, LLC moves to dismiss Counts II-VI (Doc. No. 10), and Defendants Winslett, Behm, and Derby ("individual Defendants") move to dismiss all counts of the Complaint.  (Doc. Nos. 11, 23.)

## II.   STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff.  U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).  The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

### III. DISCUSSION

#### A. Count I: Deprivation of Employment Opportunities in violation of Title VII

In Count I, Plaintiff alleges that Defendants deprived her of employment opportunities because of her gender, in violation of Title VII.[6] Pretium Packaging, LLC does not move to dismiss this count. The individual Defendants move to dismiss, arguing that individuals may not

---

[6] Title VII actions take place only after EEOC exhaustion. The Court notes that Plaintiff appended to her Complaint a right-to-sue letter from the Pennsylvania Human Relations Commission ("PHRC"). (Doc. No. 1, Plaintiff's Ex. A.) Courts treat the PHRA as coextensive with Title VII, its federal counterpart. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996); see also McLaughlin v. Rose Tree Media Sch. Dist., 1 F. Supp. 2d 476, 481-82 (E.D. Pa. 1998) ("[C]ourts have held that the PHRA should be interpreted consistently with Title VII.").

be held liable under Title VII. Kachmar v. Sungard Data Systems, Inc., 109 F.3d 173, 184 (3d Cir. 1997); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996). Plaintiff counters that "[while] it is true that Courts have held that there is no individual liability under Title VII some Courts have held otherwise," citing Doe v. William Shapiro, Esq., P.C., 852 F. Supp. 1246, 1252 (E.D. Pa. 1994) to support that proposition. However, two years after Doe, in an en banc decision, the Third Circuit held "that Congress did not intend to hold individual employees liable under Title VII." Sheridan, 100 F.3d at 1078. Third Circuit precedent defeats Plaintiff's argument. Accordingly, the individual Defendants' motions to dismiss Count I will be granted.

### B.    Count II:  Hostile Work Environment in violation of Title VII

#### 1.    Individual Defendants

Count II alleges that Defendants created a hostile working environment in violation of Title VII. Because Count II is also based on a Title VII claim, the individual Defendants may not be held liable. Sheridan, 100 F.3d at 1078. Accordingly, the individual Defendants' motions to dismiss Count II will be granted.

#### 2.    Pretium Packaging, LLC

Pretium Packaging, LLC also moves to dismiss Count II, arguing that Plaintiff has not specifically alleged that she was subjected to unwelcome sexual harassment and therefore has not stated a proper Title VII claim of a "hostile work environment". (Doc. No. 15 at 2-3.) It is well-established that a Title VII discrimination claim can be predicated upon the existence of a hostile work environment. Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)); Jensen v. Potter, 435 F.3d 444,

448 (3d Cir. 2006). A successful environmental claim must allege "sexual harassment so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" Faragher, 524 U.S. at 786 (citing Henson v. Dundee, 682 F.2d 897, 904 (11th Cir. 1982).

The discrimination can alternatively be either "severe" or "pervasive" and still satisfy the requirements of a Title VII hostile work environment. Jensen, 435 F.3d at 449 n.3. However the "sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher, 524 U.S. at 787 (citing Harris v. Forklift Sys., 510 U.S. 17, 21-22 (1993)). "Simple teasing" is not enough to create a hostile work environment. Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81 (1998). Rather, a court should evaluate the "frequency of the discriminatory conduct[,] its severity[,] whether it is physically threatening or humiliating, or a mere offensive utterance[,] and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. In conducting this evaluation, a court shall evaluate the "overall scenario" rather than reviewing each incident in isolation. Jensen, 435 F.3d at 450 (quoting Andrews v. Philadelphia, 895 F.2d 1469, 1484 (3d Cir. 1990)).

Finally, a successful hostile work environment claim under Title VII must assert "the existence of respondeat superior liability." Andrews v. City of Philadelphia, 895 F. 2d 1469, 1482 (3d Cir. 1990). The employer can be liable if it negligently or recklessly failed to take prompt and effective remedial action upon notice of harassment or "the individual charged with creating the abusive atmosphere . . . was indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," such as the owner of

the company or a supervisor in a "sufficiently high position 'in the management hierarchy of the company for his actions to be imputed automatically to the employer.'" Faragher, 524 U.S. at 789-90 (quoting Torres v. Pisano, 116 F.3d 625, 634 (2d Cir. 1997)); Knabe v. Boury Corp., 114 F.3d 407, 411 (3d Cir. 1997).

Plaintiff describes a working environment very hostile to female employees. Plaintiff alleges that managers at Pretium Packaging, LLC routinely prevented female employees from performing their work and attempted to systematically eliminate women from management positions. Plaintiff alleges that Defendant Behm refused to work with or speak to female employees. Although Plaintiff complained about this behavior to her superiors, her complaints were ignored. Plaintiff further alleges that male employees regularly discussed the physical appearance of female employees in the workplace. Moreover, Plaintiff alleges that when she rejected Defendant Derby's request for a date, he began to ignore her, which negatively impacted her ability to perform her work. The facts alleged by Plaintiff, if proven, constitute a severe and pervasive environment of unwelcome sexual harassment. (Doc. No. 15 at 3.) Accordingly, Pretium Packaging, LLC's motion to dismiss Count II will be denied.

### C.   Count III:  Pennsylvania Common Law Unlawful Termination

Count III of Plaintiff's Complaint alleges that her termination was in violation of the common law of Pennsylvania, stating that the termination "violates public policy of the Commonwealth." (Doc. No. 1, ¶ 53.) Defendants move to dismiss on the grounds that the existence of a legislative remedy and procedure, specifically the Pennsylvania Human Relations Act ("PHRA"), renders a common law remedy for that violation unavailable. Plaintiff does not address this argument in her briefs in opposition to Defendants' motions to dismiss Count III.

Exhaustion of administrative rights under the PHRA yields a right to sue under Pennsylvania state statute, specifically 43 P.S. § 962(c). The Third Circuit found that:

> [B]ecause the Pennsylvania courts have frequently stated that the procedures legislatively mandated in the [PHRA] must be strictly followed, and because recognition of a common law action for the same claims would give the claimant an opportunity to circumvent the carefully drafted legislative procedures, we predicted that where the public policy allegedly implicated by the employee discharge is derived entirely from a statute that also provides a legal remedy, Pennsylvania courts will not recognize a common law cause of action.

Murray v. Commercial Union Ins. Co., 782 F.2d 432, 436 (3d Cir. 1986). See also Zarazed v. Spar Mgmt. Servs., 2006 U.S. Dist. LEXIS 3302 at *22 (E.D. Pa. Jan. 30, 2006) (indicating that the PHRA preempts common law claims where that Pennsylvania statute is applicable); McGovern v. Jack D's, Inc., 2004 U.S. Dist. LEXIS 4326 at *5 (E. D. Pa. Feb. 25, 2004) ("[W]here a statute provides a remedy for a certain type of injury, a common law action designed to redress the same injury is rendered superfluous"). Because the PHRA provides a remedy for sexual harassment of employees, common law claims invoking "public policy" are not available. Accordingly, Count III of Plaintiff's Complaint will be dismissed.

### D. Count IV: Defamation

In Count IV, Plaintiff argues that Defendants have defamed her, ruining her reputation and humiliating her. Defendants move to dismiss this count, arguing, inter alia, that Plaintiff's defamation claim is barred by a one-year statute of limitations. See 42 Pa. Const. Stat. § 5523(1); Spain v. Vincente, 461 A.2d 833 (Pa. Super. 1983). (Doc. Nos. 15, 14, 28.) Plaintiff concedes that the defamatory acts ceased as of her October 31, 2003 termination date and that she did not file her claim until November 28, 2005, more than one year later. (Doc. No. 24 at

10.) However, Plaintiff argues, without citation, that the statute of limitations for her defamation claim should be tolled to exclude the time the PHRC and EEOC investigated her claims.

Although the Pennsylvania Supreme Court has not yet spoken on this issue, federal district courts have consistently extended the logic of Johnson v. Railway Express Agency, 421 U.S. 454, 465-66 (1975) to hold that the pendency of a discrimination charge before the PHRC or EEOC does not toll the statute of limitations for related Pennsylvania state tort claims. See Hartman v. Sterling, Inc., 2003 U.S. Dist. LEXIS 18140 at *47-48 (E.D. Pa. 2003); Bacone v. Philadelphia Housing Authority, 2001 U.S. Dist. LEXIS 9081 at *12 (E.D. Pa. 2001); Vaughan v. Pathmark Stores, Inc., 1999 U.S. Dist. LEXIS 6698 (E.D. Pa. 1999); Mincin v. Shaw Packing Co., 989 F. Supp. 710 (W.D. Pa. 1997). The Court finds the above holdings convincing.[7] Plaintiff cites to no authority, and the Court finds none, to support her argument that this Court should toll the one-year statute of limitations. Accordingly, because Plaintiff's claim is time barred, Defendants' motions to dismiss Count IV of Plaintiff's Complaint will be granted.

### E. Count V: 42 U.S.C. § 1985(3) Conspiracy

In Count V, Plaintiff alleges a conspiracy among the defendants in violation of 42 U.S.C.

---

[7] The Mincin court noted that in Pennsylvania, the general rule it that "the statutory period commences at the time the harm is suffered" and found that "[i]n determining whether to toll the statute of limitations in a civil action, the Pennsylvania state courts have consistently adhered to the procedure of ascertaining when the harm was sustained, otherwise known as the 'occurrence rule', and whether the discovery rule or doctrine of equitable estoppel is applicable." Id. at 718 (citing Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1993); Robbins & Seventko v. Geisenberger, 674 A.2d 244, 246 (Pa. Super. 1996)). The Mincin court concluded that "[g]iven the reluctance of the Pennsylvania courts to stray from the occurrence rule, the discovery rule and the doctrine of equitable estoppel . . . the Pennsylvania Supreme Court would not toll the statute of limitations for related state tort claims because of the pendency of a discrimination charge before the PHRC/EEOC." Id. at 719.

§ 1985(3).  Defendants move to dismiss Count V, arguing, <u>inter</u> <u>alia</u>, that the deprivation of a right created by Title VII cannot be the basis of a cause of action under § 1985(3).

The United States Supreme Court found that Title VII violations are not actionable under § 1985(3) because complainants should not be able to "completely bypass the administrative process" required to resolve a Title VII violation.  <u>Great American Federal Savings & Loan Assn. v. Novotny</u>, 442 U.S. 366, 375-76 (1979).  As such, Plaintiff's Title VII claim cannot "be asserted within the <u>remedial</u> framework of § 1985(3)."  <u>Id.</u>, at 377 (emphasis in original).  Without a cause of action for a "particular act" underlying the conspiracy, that conspiracy count must be dismissed.  <u>Nix v. Temple University</u>, 596 A.2d 1132, 1137 (Pa. Super. 1991).  Plaintiff asserts no federal cause of action other than Title VII, and therefore she has no cause of action for an acceptable "particular act" underlying her conspiracy claim.  See <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 805 (3d Cir. 2001) ("It is well established that § 1985(3) does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere.").  Accordingly, Defendants' motions to dismiss Count V of Plaintiff's Complaint will be granted.

      **F.**     **Count VI:  42 U.S.C. § 1986 Failure to Prevent a Conspiracy**

Count VI alleges a violation of 42 U.S.C. § 1986 in connection with Count V.  A cause of action under 42 U.S.C. § 1986 applies when some of the defendants did not participate in a conspiracy but negligently refused to act to stop it.  This claim is supplementary to a § 1985(3) claim, in that "it can only be pleaded once plaintiffs have sufficiently alleged a § 1985(3) violation."  <u>Santiago v. Philadelphia</u>, 435 F.Supp. 136, 156 (E.D. Pa. 1977) (citing <u>Hahn v. Sargent</u>, 523 F.2d 461, 470 (1st Cir. 1975)).  Because Plaintiff's § 1985(3) claim will be

dismissed, her § 1986 claim cannot survive. Accordingly, Defendants' motions to dismiss Count VI will be granted.

      An appropriate Order shall follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE BURLINGAME,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-CV-2469** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **PRETIUM PACKAGING, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 8th day of August, 2006, **IT IS HEREBY ORDERED THAT** Defendant Winslett's (Doc No. 11) and Defendants Behm and Derby's (Doc. No. 23) Motions to Dismiss are **GRANTED**. All counts against Defendants Winslett, Behm, and Derby are **DISMISSED**.

**IT IS FURTHER ORDERED THAT** Defendant Pretium Packaging, LLC's Motion to Dismiss (Doc. No. 10) is **DENIED** as to Count II and **GRANTED** as to Counts III, IV, V, and VI of Plaintiff's Complaint. Counts III - VI against Defendant Pretium Packaging, LLC are **DISMISSED**.

    s/ Yvette Kane
Yvette Kane
United States District Judge